```
UNITED STATES BANKRUPTCY COURT                          Not For Publication
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                          :
                                                :       Chapter 11
SOURCE ENTERPRISES, INC.,                       :
                                                :       Case No. 06-11707 (AJG)
                         Debtor.                :
---------------------------------------------------------------X
```

**OPINION REGARDING THE PROPOSED ORDER FOR RELIEF**

Before the Court is the Proposed Order for Relief of Bowling Green Associates, L.P. (the "Proposed Order") seeking entry of an order for relief to be effective as of August 21, 2006.

The issues before the Court are (i) whether the filing of an involuntary petition commences a case under the bankruptcy code for purposes of section 348, (ii) whether the motion to convert an involuntary chapter 7 case to a voluntary chapter 11 case is a responsive pleading to the involuntary petition, (iii) whether the conversion of a case from chapter 7 to chapter 11 under section 348 constitutes an order for relief, (iv) whether, absent the entry of a separate order for relief, a decretal paragraph in the section 348 conversion order specifically granting an order for relief is necessary to effectuate an order for relief, and (v) whether the date of the entry of the conversion order under section 348 is the appropriate date of the order for relief, when no prior order for relief was entered in the previous chapter.

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On July 27, 2006, an involuntary petition (the "Involuntary Petition") was filed against Source Enterprises, Inc., (the "Debtor") on behalf of three of the Debtor's unsecured creditors, David Villorente, The McMillan Firm and P.C. Mall, Inc. (the "Petitioners").  Under Federal Rule of Bankruptcy Procedure 1011, a responsive pleading was due on August 21, 2006, 20 days after service of the summons.  On August 21, 2006, the Debtor filed a motion to convert the involuntary chapter 7 case to a chapter 11 case (the "Motion to Convert") pursuant to sections 348 and 706(a) of title 11 of the United States Code (the "Bankruptcy Code") and attached a proposed voluntary petition under chapter 11 of the Bankruptcy Code, which was as a responsive pleading under Federal Rule of Bankruptcy Procedure 1011.[1]  On September 21, 2006, the Court entered an order granting the Motion to Convert (the "Conversion Order").  The Conversion Order did not include a decretal paragraph specifically addressing the order for relief.

On October 5, 2006, Bowling Green Associates, L.P. ("Bowling Green") filed the Proposed Order.[2]  The Debtor filed its Objection to the Proposed Order for Relief of

---

[1] Rule 1011(b) provides

> Defenses and objections to the petition shall be presented in the manner prescribed by Rule 12 F.R.Civ.P. and shall be filed and served within 20 days after service of the summons, except that if service is made by publication on a party or partner not residing or found within the state in which the court sits, the court shall prescribe the time for filing and serving the response.

[2] Bowling Green is the Debtor's landlord and claims the Debtor did not satisfy its lease obligations during the "gap" period.  The Debtor does not dispute that certain obligations are owed to Bowling Green.

Bowling Green Associates, L.P. on October 11, 2006, and Bowling Green filed the Response to the Debtor's Opposition to the Proposed Order for Relief on October 23, 2006. The Court held a hearing on the Proposed Order on October 25, 2006.

### III. DISCUSSION

**Commencement of a Case**

Bowling Green argues that the filing of the Involuntary Petition does not constitute the commencement of a case under the Bankruptcy Code. The Court finds that upon the filing of the Involuntary Petition, a bankruptcy case was commenced.

Section 303(b) of the Bankruptcy Code provides

> An involuntary case against a person *is commenced* by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title –
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $ 12,300 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

11 U.S.C. 303(b) (emphasis added). See *Bell v. Bell (In re Bell),* 225 F.3d 203, 215 (2d Cir. 2000) ("The voluntary, joint, or involuntary filing of a petition under an applicable chapter of the Code constitutes a commencement of the case…"), *Term Loan Holder Comm. v. Ozer Group, L.L.C. ( In re The Caldor Corp.)*, 303 F.3d 161, 168 (2d Cir. 2002) ("Case," as used in the Bankruptcy Code, refers to litigation "commenced by the filing with the bankruptcy court of a petition" under the appropriate chapter of title 11), *Lubow Mach. Co. v. Bayshore Wire Prods*. (*In re Bayshore Wire Prods.*), 209 F.3d 100,

3

103 (2d Cir. 2000), *Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC),* 330 F.3d 111 (2d Cir. 2003).[3]

Bowling Green argues that a "case" did not commence upon the filing of the Involuntary Petition. Citing *In re Alpine Lumber and Nursery*, 13 B.R. 977, 979 (Bankr. S.D. Cal. 1981), Bowling Green argues that an "involuntary case does not become a case under chapter 7 or chapter 11 until the order for relief is entered." The *Alpine Lumber* court held that, "[a]n involuntary case is in essence a civil suit requesting a judgment that an order for relief be entered based on the provision of 301(h)(1) and (2)." *Id.*

The Court declines to follow the holding of *Alpine Lumber* and finds that the plain meaning of section 303(b) of the Bankruptcy Code does not require both the filing of an involuntary petition and the entry of an order for relief to commence a case under the Bankruptcy Code for purposes of section 348. Accordingly, the Court finds that a bankruptcy case commenced upon the Petitioners filing of the Involuntary Petition on July 27, 2006.

---

[3] The Advisory Committee Note accompanying former Bankruptcy Rule 101 summarized the ordinary meaning of the terms "case" and "proceeding" in the bankruptcy context and provided that

> [a] proceeding initiated by a petition for an adjudication under the Bankruptcy Act is designated a "bankruptcy case" for the purpose of these rules. The term embraces all controversies determinable by the court of bankruptcy and all the matters of administration arising during the pendency of the case. . . . The word "proceeding" as used in these rules generally refers to a litigated matter arising within a case during the course of administration of an estate. The term "case" therefore refers to the overall spectrum of legal action taken under one of the debtor relief chapters. It is the widest term functionally. The term "proceeding," by contrast, refers to any particular action raised or commended within the case, including motions and adversary proceedings, whether such actions raise disputed or consensual matters.

2 *Collier on Bankruptcy* ¶301.03 (15th ed. rev. 2006) (quoting former bankruptcy rule 101 advisory comm. note).

4

**Responsive Pleadings Under Rule 1011**

Bowling Green argues that the Motion to Convert did not constitute a responsive pleading under Rule 1011. Therefore, Bowling Green argues that the order for relief should have been entered immediately following the responsive pleading due date.

Upon receipt by the Office of the Clerk of the Court, the Motion to Convert was treated as the Debtor's responsive pleading to the Involuntary Petition and no order for relief was entered under section 303(h) of the Bankruptcy Code, pending a hearing on the Motion to Convert. After examining the relief sought by the Involuntary Petition in seeking the entry of an order for relief under chapter 7 of the bankruptcy code and the relief sought in the Motion to Convert for the conversion of the case pursuant to section 348 as a voluntary petition under chapter 11 of the bankruptcy code, the Court finds that the Motion to Convert is an objection to the relief sought by the Involuntary Petition. Therefore, the Court finds that a responsive pleading to the Involuntary Petition was timely filed. In finding that the Motion to Convert served as an objection, the Court does not reach the issue of whether the Motion to Convert also served as a defense under Rule 1011(b).

Further, even if the Motion to Convert did not constitute a responsive pleading in the form of an objection, the Court does not find that the entry of an order for relief must relate back to the date of default. Upon the Debtor's default for failing to file a responsive pleading to an involuntary petition, section 303(h) of the Bankruptcy Code requires the Court to, "order relief against the debtor in an involuntary case under the chapter which the petition was filed." The failure to immediately enter such order for relief does not require that when it is entered that it necessarily relate back to the date of

5

the default. Although the Court may well have the equitable power to do so under section 105(a) of the Bankruptcy Code, such relief would not be warranted in the instant matter.

**Order for Relief**

Bowling Green contends that no order for relief has been entered, as evidenced by the lack of a decretal paragraph in the Conversion Order or any entry on the docket reflecting the entry of such order. While the Conversion Order did not contain an express decretal paragraph regarding the order for relief, the Court finds that the conversion of the case constituted an order for relief. Hence, the date of the entry of the Conversion Order is the date of the order for relief, where no prior order for relief was entered.

In order to determine whether or not section 348(a) of the Bankruptcy Code is applicable in the instant matter, the Court must first analyze whether the case was properly converted from one chapter of the Bankruptcy Code to another.

Section 706 of the Bankruptcy Code allows the Debtor to convert a case from chapter 7 to chapter 11.

Under section 706(a)

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title *at any time*, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. 706 (emphasis added).

"This means that the debtor may make the conversion either before or after an order for relief has been entered in the liquidation proceeding." 6 *Collier on Bankruptcy* ¶706.02 (15th ed. rev. 2006).

6

The procedure for conversion under section 706(a) of the Bankruptcy Code is plainly set forth in Rule 1017(f)(2), which provides that conversion shall be, "on motion filed and served as required by Rule 9013." Fed. R. Bankr. P. 1017.

The Debtor exercised its right under section 706(a) of the Bankruptcy Code to convert the chapter 7 case to a case under chapter 11 of the Bankruptcy Code. In this case, the Debtor filed the Motion to Convert in response to the Involuntary Petition, prior to the entry of an order for relief. The Debtor complied with the procedural requirements under Rule 1017(f)(2). On September 21, 2006, the Conversion Order was entered by the Court, converting the case from chapter 7 to chapter 11. The Court finds that the Debtor properly converted its case in accordance with section 706(a) of the Bankruptcy Code.

Finding that the Debtor properly converted its case under section 706(a) of the Bankruptcy Code, the Court must now determine if the conversion constituted an order for relief under Section 348(a) of the Bankruptcy Code.

Section 348(a) of the Bankruptcy Code makes it clear that conversion constitutes an order for relief under the chapter to which the case has been converted. 11 U.S.C 348(a). The instant case was properly converted to a case under chapter 11 on September 11, 2006, prior to the entry of an order for relief in connection with the Involuntary Petition.

Relying on *Alpine Lumber*, Bowling Green argues that the conversion of the case does not constitute an order for relief under section 348(a) of the Bankruptcy Code.

In *Alpine Lumber*, an interim trustee was appointed after the filing of the involuntary chapter 7 petition. *In re Alpine Lumber and Nursery*, 13 B.R. at 978. The general partners of the Debtor filed a "conversion of involuntary proceeding to chapter

7

11" pursuant to section 706(a) of the Bankruptcy Code. *Id.* The Debtor sought possession of its property from the interim trustee under section 348(e) of the Bankruptcy Code.[4] The court held that a voluntary request for entry of an order for relief under chapter 11 did not consummate the conversion of the case under section 706 of the Bankruptcy Code and, therefore, section 348(e) of the Bankruptcy Code did not remove the interim trustee from possession of the Debtor's estate. *Id.*

The Court finds the facts of *Alpine Lumber* distinguishable from the instant matter in that the debtor in *Alpine Lumber* attempted to institute a conversion action through the filing of a separate petition for relief under a different chapter of the Bankruptcy Code. The court in *Alpine Lumber* found that the filing of the separate petition without a motion to convert was insufficient to amount to a conversion under section 706 of the Bankruptcy Code. In the instant case, the Debtor filed the Motion to Convert pursuant to section 706(a) of the Bankruptcy Code and attached a petition for voluntary relief under chapter 11.

The Court declines to follow the holding of *Alpine Lumber* and finds that since the Debtor properly converted its case under section 706(a) of the Bankruptcy Code, the conversion constituted an order for relief under section 348(a) of the Bankruptcy Code. Further, the Court finds that despite the omission of a decretal paragraph from the Conversion Order addressing an order for relief, an order for relief was entered on September 21, 2006, by the entry of the Conversion Order pursuant to sections 706(a) and 348(a) of the Bankruptcy Code.

---

[4] Section 348(e) of the Bankruptcy Code provides

> Conversion of a case under section 706, 1112, 1208, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion.

8

Further, the Court notes the concern expressed by the court in *Alpine* – that the purpose of appointing an interim trustee, which is to protect the assets of the estate from certain conduct of the involuntary debtor during the "gap" period, may be undermined by the conversion to chapter 11 and the entry of the order for the relief, which transfers control of the assets to the debtor in possession – certainly is valid. However, the Court believes that such concern can be adequately addressed at the time of the conversion under sections 1104 and 105(a) on a case by case basis without departing from the application of the plain meaning of section 348(a).

Based upon the foregoing, the request for the entry of the proposed order is denied and an order will be entered simultaneously herewith consistent with this opinion.

Dated: New York, New York
      November 8, 2006

                              **s/Arthur J. Gonzalez**
                              UNITED STATES BANKRUPTCY JUDGE