**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                          :    Chapter 11
SOURCE ENTERPRISES, INC., et al.,               :    Case No. 06-11707 (AJG)
                            Debtors.            :    (Jointly Administered)
-----------------------------------------------------------------x

**ORDER (I) APPROVING DEBTORS' JOINT DISCLOSURE STATEMENT,
(II) SCHEDULING HEARING ON CONFIRMATION OF DEBTORS' JOINT
PLAN OF REORGANIZATION AND APPROVING NOTICE PROCEDURES,
(III) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF
BALLOTS, AND (IV) FIXING VOTING AND DISBURSEMENT RECORD DATE**

Source Enterprises, Inc., a Delaware corporation ("Enterprises"), Source Entertainment, Inc., a Delaware corporation ("Entertainment") and Source Magazine, LLC, a New York company ("Magazine; collectively, with Enterprises and Entertainment, the "Debtors"),[1] having filed with this Court the *Fourth Amended Plan of Reorganization of the Source Debtors*, dated August 22, 2007, as such plan may be supplemented or amended (the "Plan"), the *Disclosure Statement with Respect to the Fourth Amended Plan of Reorganization of the Source Debtors*, dated August 22, 2007, as it may be supplemented or amended (the "Disclosure Statement"), and the *Summary of Source Debtors' Chapter 11 Plan of Reorganization, Notice of Upcoming Deadlines, Hearing and Procedures for Participating Subscribers (defined below) of The Source Magazine*, dated August 22, 2007, as it may be supplemented or amended (the "Plan Summary"); and upon the Debtors' motion, dated June 6, 2007, seeking, *inter alia*, entry of an *Ex Parte Order (A) Conditionally Approving the Disclosure Statement, (B) Scheduling Hearing to Consider Final Approval of Disclosure Statement, (C)*

---

[1] The Debtors include Enterprises, Entertainment and Magazine and also each of the following entities and pseudonyms by which any or all of them have been known and/or done business, including: Source Entertainment, LLC, a California company; Source Holdings LLC, a Delaware company; Source Merchandising LLC, a New York company; The Source.com, LLC, a New York company; Source Sound Lab, LLC, a Delaware company; Source Music, LLC, a New York company; Source Broadcast Media, LLC, a New York company; The Source; Source Publications, Inc.; Source Magazine; The Source Magazine; The Source Awards; Hip-Hop Hits; Source Sports; Unsigned Hype LLC; and Source Media and Merchandising, Inc.

3859629

*Scheduling Hearing on Confirmation of Debtors' Joint Plan of Reorganization and Approving Notice Procedures, (D) Establishing Procedures for Solicitation and Tabulation of Ballots, (E) Fixing Bar Date for General Unsecured, Administrative and Priority Claims Against Source Entertainment, Inc. and Source Magazine, LLC, and (F) Fixing Voting and Distribution Record Date* (the "<u>Motion</u>");[2] and the Debtors having caused the Solicitation Package to be served on June 18, 2007 in accordance with the Amended *Ex Parte* Order on the Motion [Docket No. 241] (the "<u>Prior Procedures Order</u>"); and the Court having ruled on July 30, 2007 that the prior version of the Disclosure Statement, served in accordance with the Prior Procedures Order, did not contain "adequate information" within the meaning of Section 1125 of the Bankruptcy Code and having directed the Debtors to file an amended disclosure statement in accordance with such ruling; and the Court having considered the Disclosure Statement, the *Objection of L. Londell McMillan P.C., d/b/a The McMillan Firm to Amended Disclosure Statement With Respect to the Second Amended Plan of Reorganization of the Source Debtors* (the "<u>McMillan Objection</u>"); and the Court having received evidence and heard oral arguments, as reflected on the record of the hearings on July 26, 2007, and the Debtors' submissions as reflected on the official Docket of the Debtors' cases, and based on the facts and circumstances of the Debtors' cases as reflected in the Court's records, including the hearing of August 21, 2007; and it appearing that the relief requested in the Motion, as modified by this Order, is in the best interests of the Debtors, their estates and creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

I.     Approval of the Disclosure Statement and Plan Summary

    1.     The Disclosure Statement and the Plan Summary, as the same may be amended and modified to incorporate immaterial modifications, fill in blanks and reflect any modifications

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

-2-

that the Debtors determine to be appropriate, which do not materially change the substantive disclosure provided by either document or materially affect any rights of a party in interest, are hereby approved as containing "adequate information" within the meaning of Section 1125 of the Bankruptcy Code, as set forth in Exhibit "A" annexed to this Order.

2. The McMillan Objection is overruled.

II. Hearing on Confirmation of Plan

3. This Court shall hold a hearing to consider confirmation of the Plan which shall commence at 10:00 a.m. (prevailing Eastern Time) on September 27, 2007, or as soon thereafter as counsel may be heard (the "Hearing").

4. The date of September 24, 2007, at 4:00 p.m. (prevailing Eastern Time) is fixed as the date by which objections to confirmation of the Plan must be filed. Such objections must be made in writing and be electronically filed with the Court in accordance with this order (with a copy delivered to the Chambers of the Honorable Arthur J. Gonzalez, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004) and served upon: (a) counsel for the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178, Attn: L.P. Harrison 3rd, Esq. and Jerrold L. Bregman, Esq.; (b) counsel for the statutory committee of unsecured creditors appointed in the Debtors' Chapter 11 Cases, DLA Piper US, LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Thomas R. Califano, Esq. and Vincent J. Roldan, Esq.; (c) counsel for Textron Financial Corporation, Paul, Hastings, Janofsky & Walker LLP, 75 East 55th Street, New York, NY 10022, Attn: Kristine M. Shryock, Esq.; (d) counsel to Black Enterprise/Greenwich Street Corporate Growth Partners LLP, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10022, Attn: J. Gregory St. Clair, Esq. and Eamonn O'Hagan, Esq.; and (e) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York

10004, Attention:  Richard C. Morrissey, Esq. (collectively, the "Notice Parties"), so that the Notice Parties actually receive such documents on or before 4:00 p.m. (prevailing Eastern Time) on September 24, 2007.

5.  Objections, if any, to confirmation of the Plan must be timely filed and served, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must set forth, in writing, a concise statement of any bases for such objection, including, if applicable:  (a) the specific page number of the Plan to which the objection refers; (b) the specific language proposed to be deleted, if a deletion is sought; (c) a draft of the precise language that the objecting party proposes be added or substituted; and (d) the reasons and statutory or other authority therefor.

6.  Objections, if any, of parties with legal representation to the confirmation of the Plan, shall be filed:  (a) through the Court's electronic filing system (in accordance with General Order M-242 of the Bankruptcy Court), which may be accessed (with a password which is available by contacting the Clerk of the Bankruptcy Court at (212) 668-2870, ext. 3522, Monday through Friday, 8:30 a.m. to 5:00 p.m.) through the Internet at the Court's website: www.nysb.uscourts.gov, using Netscape Navigator software version 3.0 or higher, and in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if unable to file electronically, shall be submitted to the Clerk of the Court in PDF, Word, WordPerfect, or DOS text (ASCII) format on a diskette in an envelope with the case name, case number, type and title of the document, electronic docket number of the document to which the objection refers, and the file name on the outside of the envelope.  An objection filed by a party with no legal representation shall comply with section (b) as set forth in this paragraph.

3859629

7. Objections to the confirmation of the Plan, which do not comply with the foregoing, or which are not timely filed and served, will not be considered and shall be deemed waived and/or overruled.

8. For all parties in interest, except the Subscribers (as defined in the Motion), (i) this Order shall constitute notice of the relief requested in the Motion and (ii) the Debtors shall cause a copy of this Order to be served as part of the Solicitation Package, as defined below.

9. For those Subscribers who have submitted the "Combined Claim Form and Ballot" (as defined in Bankruptcy Court's Amended *Ex Parte* Order, entered June 6, 2007 [Docket No. 241]) as of August 21, 2007 (the "Participating Subscribers"), the Plan Summary shall constitute notice of the relief granted in this Order.

10. Those Subscribers who are not Participating Subscribers shall receive no further notice of any kind in accordance with the Prior Procedures Order (which provides, in relevant part, (i) in ¶ 8 that the prior version of the Plan Summary, served on all Subscribers on June 18, 2007, shall constitute notice to the Subscribers of the Prior Procedures Order, and (ii) in ¶ 11 that "Subscribers who do not timely file a proof of claim are entitled to receive no further mailing or notice of any kind concerning the Debtors' Chapter 11 Cases.").[3]

11. Service of the Notice of Hearing and Procedures (defined below) or the Plan Summary upon the parties and in the time and manner set forth above shall be adequate and sufficient and no further notice, other than as set forth below, shall be necessary or required.

---

[3]  The Debtors served on all of the Subscribers on June 18, 2007: (A) the prior version of the Plan Summary (which specifies on Page 1 that "[i]f your properly completed Subscriber Claim Form is not received by the Participation Deadline . . . . (2) you will not receive any other notices in the Debtors' cases," and on Page 2 that "[t]he Combined Hearing may be continued from time to time by the announcement of such continuance in open court or posting on the docket for the Debtors' cases without further notice . . . ."), and (B) a one-page "Subscriber Claim Form" (which specifies, *inter alia*, "in order to participate in the Debtors' cases . . . and to receive any further notice of the Debtors' cases, you must complete and return this form so that it is actually received at the address below b**y no later than July 16, 2007** . . . (the 'Participation Deadline')." (emphasis in original)).

3859629

III.   Notice and Solicitation Procedures

12.   The Debtors are authorized to cause to be delivered by e-mail or first class mail the solicitation package (the "Solicitation Package"), by no later than August 27, 2007 (the "Solicitation Date"), as follows:

(a)   All parties in interest other than the Subscribers, including the Committee, the U.S. Trustee, Textron, the DIP Lender, all holders of equity interests, all persons who have filed proofs of claim in any of the Debtors' cases, all persons who have requested special notice in any of the Debtors' cases pursuant to Rule 2002 of the Bankruptcy Rules, the Internal Revenue Service, the secretaries of state of Delaware, New York, California, Massachusetts and Florida, the Securities and Exchange Commission, any entity that has filed with the Court a notice of transfer of a claim under Bankruptcy Rule 3001(e) on or prior to August 21, 2007, all persons or entities listed in the Debtors' consolidated schedules, and all other known creditors of the Debtors shall receive copies of the following documents:

  (1)   Notice of (I) Approval of Debtors' Joint Disclosure Statement; (II) Hearing on Confirmation of Chapter 11 Plan and Procedures For Objecting thereto; (III) Procedures and Deadline For Voting on the Plan; and (IV) Establishment of Voting and Distribution Record Date (the "Notice of Confirmation Hearing and Procedures"), substantially in the form annexed as "**Exhibit 1**" to the *Notice of Filing of Forms of Notices, Ballots, Plan Support Letters and Plan Summary for Use in Debtors' Plan Solicitation*, the Debtors filed on August 22, 2007 [Docket No. 359] (the "Solicitation Exhibits");

  (2)   The (i) Plan, (ii) Disclosure Statement;

  (3)   A ballot, substantially in the form annexed to the Solicitation Exhibits as "**Exhibit 2**" (the "Ballot"); however, instead of Ballots, a Notice of Non-Voting Status, substantially in the form annexed to the Solicitation Exhibits as "**Exhibit 3**" (the "Notice of Non-Voting Status"), shall be sent to (a) holders of any of the Debtors' equity interests, (b) holders of administrative expense claims, and (c) all known parties to executory contracts and unexpired leases who have neither a filed nor scheduled claim and whose executory contract or unexpired lease is not rejected under the Plan; and

  (4)   A letter in support of the Plan from the Debtors and the Committee substantially in the form annexed to the Solicitation Exhibits as "**Exhibit 4**."

(b)   The Participating Subscribers shall receive the following documents only:

  (1)   The Plan Summary, substantially in the form annexed to the Solicitation Exhibits as "**Exhibit 5**";

-6-

      (2)    A Ballot, substantially in the form annexed to the Solicitation Exhibits as "**Exhibit 6**"; and

      (3)    The above-referenced letters in support of the Plan from the Debtors and the Committee.

13. Only Participation Subscribers shall receive the Solicitation Package described in Section 12(b) of this Order; no other Subscribers shall receive a Solicitation Package or any other further notice in the Debtors' cases (as set forth in the Prior Procedures Order). The Debtors may serve Participating Subscribers by using the addresses the Participating Subscribers provided on their Combined Claim Form and Ballot.

14. The notice in the time and manner set forth above shall be adequate and sufficient notification of the information contained therein to all creditors and other parties in interest, and no further notice shall be necessary or required.

15. The Debtors are excused from re-mailing Solicitation Packages or any further notices or documents of any kind, as the case may be, to those persons and entities whose addresses differ from the addresses in the claims register or the Debtors' records as of the Solicitation Date. The Debtors are not required to seek to locate any more current addresses for, or re-serve, any persons or entities to whom any mailing is returned because the addressed recipient has moved.

16. The Debtors may solicit votes for and against the Plan on a consolidated basis and Creditors will vote on the Plan on a consolidated basis for all of the Debtors, and not on a Debtor-by-Debtor basis. All Claims will be tabulated and counted as though the Claims were against a single Debtor. Thus, the Creditors for all of the Debtors will be classified according to the nature of their Claims and not the identity of the particular Debtor allegedly responsible for such Claim. Creditors are not required to indicate on their Ballots the particular Debtor against whom they believe their Claims should be asserted. Claims against more than one of the

Debtors arising from the same injury, damage, cause of action, or common facts, shall be counted only once as if such claim were against a single Debtor.

17. The Hearing may be adjourned from time to time by the Court without further notice to parties in interest other than by announcement in open Court, or by notation on the official public docket of the Court of the date of the Hearing.

IV. <u>Ballots and Voting Procedures</u>

18. The form of the Ballots are approved for distribution to the known holders of claims as of the Solicitation Date which are entitled to vote to accept or reject the Plan.

19. In order to be counted as a vote to accept or reject the Plan, a Ballot must be properly executed, completed and delivered by the creditor, by U.S. Mail, courier or overnight delivery by a nationally recognized carrier, to Bankruptcy Services LLC (the "<u>Vote Tabulation Agent</u>"), so that such Ballot is received by the Voting Tabulation Agent by no later than 5:00 p.m. (prevailing Eastern Time) on September 19, 2007 (the "<u>Voting Deadline</u>"), at the following address:

> Bankruptcy Services LLC
> 757 Third Avenue, 3rd Floor
> New York, NY 10017
> Attn: Source Debtors Ballot

20. Solely for the purpose of voting to accept or reject the Plan and not for the purpose of allowance of or distribution on account of a claim, and without prejudice to the rights of the Debtors and the Committee in any other context, each claim within a class of claims entitled to vote to accept or reject the Plan be, and it hereby is, temporarily allowed in an amount equal to the lesser of (i) the amount of such claim as set forth in the Debtors' Schedules, and (ii) the amount of such claim as set forth in a timely filed proof of claim; <u>provided</u>, <u>however</u>, that:

(a) If a claim is deemed allowed in accordance with the Plan, such claim shall be allowed for voting purposes in the deemed allowed amount set forth in the Plan;

    (b)    If a claim is listed in the Schedules as contingent, unliquidated, or disputed and/or a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim against the Debtors established by the Court (including the New Debtors' Bar Date, as applicable) or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such claim shall be disallowed for voting purposes and not for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

    (c)    If a claim for which a proof of claim has been timely filed is not included on the Schedules, such claim shall be temporarily allowed for voting purposes in the amount of $1.00;

    (d)    Claims of Participating Subscribers, in their capacity as Subscribers, shall be temporarily allowed for voting purposes in the amount of $1.00;

    (e)    If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

    (f)    If a claim for which a proof of claim has been timely filed is either (i) marked as contingent, unliquidated, or disputed, or (ii) included on the Schedules as contingent, unliquidated or disputed, such claim shall be temporarily allowed for voting purposes only in an amount equal to the greater of (x) $1.00 and (y) that portion of the claim that the Debtors agree is non-contingent, liquidated and undisputed; and

    (g)    If the Debtors have served an objection to a claim before the Voting Deadline, the Debtors propose that such claim (and any other claim filed by the creditor against any of the Debtors that is substantially similar to the claim to which the Debtors have objected) be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection.

21.   Any claimant that challenges the allowance of its claim for voting purposes pursuant to the foregoing decretal paragraph of this Order shall serve upon the Notice Parties (as defined above), and file with the Court (with a copy to Chambers), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for purposes of voting to accept or reject the Plan, which must filed and served so that a hearing on such motion may occur not less than two (2) business days prior to the Hearing.

3859629

22. Classes 1, 2 and 3 are impaired under the Plan and entitled to vote on the Plan. Classes 4 and 5 are impaired under the Plan, deemed to have rejected the Plan and are not entitled to vote on the Plan.

23. For purposes of calculating the number of claims in a class that were voted to accept or reject the Plan, all claims in a class held by one entity or any affiliate thereof (as defined in the Securities Act of 1933 and the rules and regulations promulgated thereunder) against any of the Debtors, including any entity that acquired record ownership of such claims after the applicable petition date for the Debtors, shall be aggregated and treated as one claim in such class.

24. In tabulating the Ballots, the following additional procedures shall be utilized: (a) any Ballot that is properly completed, executed and timely returned to the Vote Tabulation Agent but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan or a conditional acceptance of the Plan, shall be deemed a vote to accept the Plan; (b) if no votes to accept or reject the Plan are received with respect to a particular class, such class shall be deemed to have voted to accept the Plan; (c) if a creditor casts more than one ballot voting the same claim before the Voting Deadline, the latest dated Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots, and if conflicting Ballots arrive on the same date, the one accepting the Plan shall be counted; and (d) creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their votes within a particular class, thus, a Ballot (or a group of Ballots) within a particular class received from a single creditor that partially rejects and partially accepts the Plan shall be deemed to have been cast to accept the Plan.

3859629

25.    Except as otherwise provided in this Order, for purposes of determining whether the numerosity and claim amount requirements of Section 1126(c) of the Bankruptcy Code have been satisfied, only Ballots cast by the Voting Deadline will be counted.

26.    The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:  (i) any Ballot received after the Voting Deadline unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such ballot (which extension may be granted after the Voting Deadline); (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iv) any Ballot cast for a claim scheduled as unliquidated, contingent, or disputed for which no proof of claim was timely filed; (v) any unsigned Ballot; and (vi) any Ballot transmitted to the Vote Tabulation Agent by facsimile.

V.    <u>Record Date for Notice, Voting and Distributions</u>

27.    August 21, 2007 (the "<u>Voting and Distribution Record Date</u>"), is fixed as the record date for determining (i) the creditors and equity security holders entitled to receive notice and a Solicitation Package or Notice of Non-Voting Status, (ii) the creditors entitled to vote to accept or reject the Plan, and (iii) the identity of Creditors for purposes of any distribution under the Plan.

28.    No notices or distributions in respect of the Plan shall be made to claimants whose claims were acquired subsequent to the Voting and Distribution Record Date, or to claimants whose claims were acquired from another claimant prior to the Voting and Distribution Record Date, but which transfer was not properly filed with the Court prior to Voting and Distribution Record Date, which claimants also shall not be entitled to vote on the Plan.

29. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion, including but not limited to the Prior Procedures Order, the terms of this Order shall govern.

30. To the extent not expressly superseded by the terms of this Order, the Prior Procedures Order shall continue to be a valid, binding and final order of this Court.

31. The requirement set forth in Local Rule 9013-1(b), that any motion or other request for relief be accompanied by a memorandum of law, is deemed satisfied by the contents of the Motion or otherwise waived.

32. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      August 23, 2007

                              **s/Arthur J. Gonzalez**
                              THE HONORABLE ARTHUR J. GONZALEZ
                              UNITED STATES BANKRUPTCY JUDGE

3859629

Exhibit "A"

On July 31, 2007, the Court denied final approval of the June 15th Disclosure Statement finding that it did not provide "adequate information." Among other things, the Court found that creditors were not able to consider relevant information contained in documents filed after solicitation and in some cases, after the Voting Deadline. These documents included the Plan Supplement (which contained, among other information, the Debtors' "Five-Year Projections," "Schedule of Sources and Uses of Funds" and "Disclosure of Board, Officers and Non-Officer Senior Management"), the First Augmentation of Plan Supplement (which contained a side letter to the BE/GS Term Sheet), the Committee's Reservation of Rights and the Horgan Report prepared by the Committee's financial advisors. In addition, the Court directed that additional disclosure be made with respect to issues concerning the Debtors' valuation, third-party releases and the Source Creditors' Trust.

On August 8, 2007, the Debtors submitted an amended disclosure statement followed by an amended Schedule of Sources and Uses of Funds and, on August 17, 2007, a Disclosure Statement with respect to the Third Amended Plan of Reorganization (the "Disclosure Statement"). Having reviewed all of the relevant filings, including the McMillan firm's objection, the Court finds, without need for further argument or hearing, that the Disclosure Statement, with the changes noted below, sufficiently amplifies the disclosure of the Debtors' financial condition and contains adequate information upon which a hypothetical investor could make an informed judgment about the Plan as required by section 1125 of the Bankruptcy Code.

The McMillan firm has raised objections with respect to disclosure about the Source Creditors' Trust – in particular, the relationship between the initial funding and expected recoveries, the prior management causes of action and the nonvesting of certain causes of action.

The Court finds the disclosure related to these issues adequate as amended. The McMillan firm has also objected with respect to disclosure about the valuation of intangibles. The Court finds that disclosure related to valuation adequate as amended. Finally, the McMillan firm has objected to the disclosure relating to releases – in particular, the absence of the identity of the BE/GS affiliates being released and the value of such releases. The Court directs that the Debtors amend the Disclosure Statement to (i) identify the BE/GS affiliates being released, (ii) identify the causes of action currently pending against BE/GS which would be released and (iii) state the Debtors' view with respect to the value of such causes of action. As so amended, the Court will find the disclosure adequate.

In so far as any of the McMillan firm's objections go to the confirmability of the plan, they will be addressed, if raised, in that context.